UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NERAN YOUSIF,

      Plaintiff,

v.                                                    Case No. 12-11387
                                                      Hon. Lawrence P. Zatkoff

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

      Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 8th day of January, 2013

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss (Docket #7).  The

Motion has been fully briefed.  The Court finds that the facts and legal arguments pertinent

to the motion are adequately presented in the parties' papers, and the decision process will

not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is

hereby ORDERED that the motion be resolved on the briefs submitted by the parties, without

this Court entertaining oral arguments.  For the reasons that follow, Defendant's Motion to

Dismiss is GRANTED.

## II.  BACKGROUND

**A.      The Loan Transaction**

On or about January 26, 2006, Plaintiff Neran Yousif ("Plaintiff") obtained a $630,000 loan (the "Loan") from Accredited Home Lenders, Inc. ("Accredited") and signed a note evidencing the Loan. As security for the Loan, Plaintiff and Assad A. Yousif granted Mortgage Electronic Registration Systems, Inc., as nominee for Accredited, a mortgage interest (the "Mortgage") on real property commonly known as 6634 Torybrook Circle, West Bloomfield, Michigan 48323 (the "Property"). The Mortgage was recorded with the Oakland County Register of Deeds on February 14, 2006.

On or about May 1, 2008, the Mortgage was assigned to Accredited via Assignment of Mortgage (the "Accredited Assignment"). The Accredited Assignment was recorded with the Oakland County Register of Deeds on May 15, 2008.  On or about February 7, 2011, the Mortgage was assigned to Defendant via Corporate Assignment of Mortgage (the "Trustee Assignment). The Trustee Assignment was recorded with the Oakland County Register of Deeds on February 17, 2011.

**B.      Plaintiff's Default And The Sheriff's Sale**

Plaintiff defaulted on her Loan obligations and Defendant initiated foreclosure by advertisement proceedings. On May 17, 2011, a sheriff's sale was held where Defendant purchased the Property for $772,497.36 and a sheriff's deed ("Sheriff's Deed") was executed evidencing the  sale. The Sheriff's Deed was recorded with the Oakland County Register of Deeds on September 9, 2011. The redemption period expired on November 17, 2011.

2

Plaintiff did not redeem the Property.

**C.    Plaintiff's Complaint**

On or about February 28, 2012, Plaintiff filed a Complaint against Defendant in Oakland County Circuit, alleging the following claims related to her request for a Loan modification: quiet title (Count I); unjust enrichment (Count II); breach of implied agreement/specific performance (Count III); and breach of M.C.L. 3205c (Count IV).[1]

On or about June 27, 2012, the action was removed from Oakland County Circuit Court to this Court based on diversity jurisdiction. In lieu of an answer, Defendant moved to dismiss the Complaint because Plaintiff failed to state a claim upon which relief can be granted.

## III.  LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176

---

[1] In the Complaint, Plaintiff alleged "Count VII Breach of M.C.L. 3205(c)," citing to what appears to be a prior version of M.C.L. 600.3205c. Defendant has assumed, and for the purpose of this Motion, the Court shall assume that Plaintiff attempted to assert a count based on M.C.L. 600.3205c.

F.3d 315, 319 (6th Cir. 1999).  A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice."  2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).  If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

Before setting forth its analysis, the Court notes that, in 2012 alone, Plaintiff's counsel filed almost the identical complaint in more than fifty cases in this District (or which were removed to this District from state court) on behalf of individuals whose homes had been foreclosed. *See, e.g.*, *Boyd v. Bank of America, NA*, No. 12-10351 (filed Jan. 26, 2012); *Jabow v. Chase Home Finance LLC*, No. 12-10370 (filed Jan. 27, 2012); *Harvey v. PNC*

4

*Bank, NA*, No. 12-10620 (filed Feb. 13, 2012); *McKendrick v. Fannie Mae*, No. 12- 10730

(filed Feb. 17, 2012); *Powers v. Chase Bank USA, NA*, No. 12-10814 (filed Feb. 22, 2012);

*Koyle v. Fannie Mae*, No. 12-11065 (filed Mar. 9, 2012); *McCraney v. Bank of America, NA*,

No. 12-11082 (filed Mar. 12, 2012); *McCoy v. The Bank of New York Mellon*, No. 12-1110

(filed Mar. 13, 2012); *Janney v. HSBC Bank*, No. 12-11583 (filed Apr. 6, 2012); *Bahnam v.*

*Green Tree Servicing LLC*, No. 12- 12303 (filed May 25, 2012); *Kopko v. The Bank of New*

*York Mellon*, No. 12-13941 (filed June 10, 2012).  Plaintiff's counsel has continued to file

the same cookie-cutter complaint even though several judges have dismissed the complaint

under Rule 12(b)(6). *See, e.g., id*.

In the instant case, other than: (a) the case caption, (b) the names of the parties, (c) the

property address, and (d) the date of the sheriff's sale, the allegations set forth in the

Complaint (numbered paragraph for numbered paragraph, sentence for sentence, and word

for word) are identical to the allegations set forth in the *Kopko* case, *supra*.  Likewise, other

than the caption, the brief Plaintiff's counsel filed in response to Defendant's motion to

dismiss is identical (argument for argument, paragraph for paragraph, sentence for sentence,

word for word) to the response brief Plaintiff's counsel filed in response to the motion to

dismiss filed in the *Kopko* case.  In other words, Plaintiff's counsel has made no attempt to

demonstrate or differentiate the alleged "facts" in either of these cases and has offered

insufficient allegations to support any of the claims set forth in the Complaint in either of

these cases.  Therefore, because: (1) Plaintiff has asserted the identical allegations in support

of the identical legal claims asserted by the plaintiff in *Kopko*, and (2) the Court has reviewed

5

and agrees with the analysis of the allegations and legal claims set forth by Judge Patrick J. Duggan in *Kopko*, this Court finds no reasons to engage in any new or unique analysis regarding Plaintiff's claims.   Accordingly, for the balance of this Section IV, the Court simply reiterates the analysis set forth in *Kopko*.[2]

## A.     Quiet Title (Count I)

When a plaintiff seeks to quiet title to property, he or she has the burden of proof and must make out a *prima facie* case of title to the property. *Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to establish superior right or title to the property. *Id*. Although the factual allegations in Plaintiff's Complaint are scant, those allegations which are pled indicate that Defendant, as Trustee of the Trust, has a superior title to the Property based on the sheriff's sale and expiration of the redemption period. Plaintiff fails to allege facts to establish otherwise.

Michigan statutory law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property. Mich. Comp. Laws § 600.3240(8). Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *Id*. § 600.3236. At that time, the mortgagor may

---

[2]The Court has changed only the possessive pronouns to reflect that Plaintiff is female (rather than male, as the *Kopko* plaintiff was).

undo the sale *only* by demonstrating fraud or irregularity in the foreclosure proceedings. *Overton v. Mortg. Elec. Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Ellison v. Wells Fargo Home Mortg., Inc.*, 09-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010) (citing *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001) ("The type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself.")).

There is no dispute that the redemption period has expired with respect to the Property. (Compl. ¶ 9.) Plaintiff fails to allege facts to support a finding of fraud or irregularity in the foreclosure proceedings. The only wrongdoing set forth in Plaintiff's Complaint is Defendant's alleged interference with her purported attempt to enter a loan modification or "negotiate[] [a] settlement to keep possession of her home." (Compl. ¶¶ 12, 16; *see also id.* ¶¶ 21, 27.) Even accepting this allegation as true, it is not sufficient to establish fraud or an irregularity in the foreclosure proceedings that would justify setting aside the foreclosure sale. *See Jabow v. Chase Home Finance LLC*, No. 12-10370, 2012 WL 2524283, at *2 (E.D. Mich. June 29, 2012) (finding the plaintiff's allegation that the defendant "intentionally designed its actions to preclude [the] Plaintiff from entering a loan modification program" insufficient to set aside a foreclosure sale); *Harvey v. PNC Bank*, No. 12-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (same); *Powers v. Chase Bank USA, N.A.*, No. 12-10814, 2012 WL 1945474, at *3 (E.D. Mich. May 30, 2012) (same). In other words, the alleged failure of a mortgage holder or servicer to comply with

7

Michigan's loan modification statute, Michigan Compiled Laws § 600.3205c, is not a basis for setting aside an eventual sheriff's sale. *Id*. § 600.3205c(8); *see also Block v. BAC Home Loans Servicing LP*, No. 11-11181, 2012 WL 2031640, at *3 (E.D. Mich. June 6, 2010) (collecting cases).

Viewed most charitably, Plaintiff is alleging that Defendant had a fraudulent intent to mislead Plaintiff into believing that her loan was being modified and that she could retain possession of the property while it simultaneously was pursuing foreclosure proceedings. In fact in response to Defendant's motion, Plaintiff expressly states that she was "misled into believing that the Sheriff [sic] Sale would not occur pending the outcome of the Loan Modification process." (Pl.'s Resp. Br. at 1.) However, Plaintiff does not set forth facts in her Complaint to satisfy the stringent pleading requirements of Federal Rule of Civil Procedure 9(b) to support a claim of fraud and she offers no facts in her response brief to suggest that she could amend her pleading to do so.

For these reasons, Count I of the Complaint must be dismissed.

## B.    Unjust Enrichment (Count II)

To plead a claim of unjust enrichment under Michigan law, a plaintiff must establish that the defendant received and retained a benefit from the plaintiff, resulting in an inequity. *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827, 841 (2006). Michigan courts then will imply a contract to prevent the defendant from being unjustly enriched. *Id*. However, courts will not imply a contract where there is an express contract governing the subject matter. *Id*.

8

In Count II of her Complaint, Plaintiff alleges that if the Sheriff's Deed granting title to Defendant "were to stand, Defendants [sic] would be unjustly enriched in excess of $25,000 and Plaintiff would suffer a loss in that amount, plus the loss of the subject property as a result of attempting in good faith to modify the Loan or negotiate a settlement in order to keep possession of her home." (Compl. ¶ 18.) The Note and Mortgage, however, establish the rights and obligations of the parties relative to the Property, including Defendant's right to foreclose in the event of Plaintiff's non-payment in accordance with the Note. Therefore there is an express contract governing the subject matter.

Moreover, Plaintiff fails to plead that Defendant received a benefit to which it was not entitled. Plaintiff's response to Defendant's motion in which she asserts that Defendant has legal title to the property, the proceeds of the sheriff's sale, and can sue Plaintiff for the deficiency, fares no better in stating a viable unjust enrichment claim. Plaintiff states that "[t]he inequity to the Plaintiff is obvious." (Pl.'s Resp. Br. at 2.) It is not obvious to this Court.

For these reasons, Count II of the Complaint also fails to state a claim upon which relief may be granted.

## C.     Breach of Implied Agreement/Specific Performance (Count III)

In Count III of her Complaint, Plaintiff seeks an order requiring Defendant to continue processing the loan modification or negotiate a settlement so Plaintiff can keep possession of her home. In essence, Plaintiff is asking the Court to find an implied agreement requiring Defendant to modify the loan or make some other agreement enabling Plaintiff to maintain

9

possession.[3]

Under Michigan law, "[a] contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction." *Erickson v. Goodell Oil Co.*, 384 Mich. 207, 212, 180 N.W.2d 798, 800 (1970). Plaintiff alleges no facts implying that she and Defendant entered into an agreement to modify her loan. In fact, Plaintiff expressly asserts in her Complaint that no agreement was reached. (*See, e.g.*, Pl.'s Compl. ¶ 10 ("That Defendant must be ordered to continue the processing of the Loan Modification and/or negotiate in good faith a settlement on the subject property so that the Plaintiff can enter into a Loan Modification.").)

This claim also fails because, under Michigan's statute of frauds, any alleged promise by a financial institution to modify the terms of a loan must be reduced to writing to be enforceable. *See* Mich. Compiled Laws § 566.132(2); *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000) (interpreting Section 566.132(2) as precluding any claim– "no matters its label– against a financial institution to enforce the terms of an oral promise to [make a financial accommodation].").

For these reasons, Plaintiff fails to state a claim in Count III of her Complaint.

---

[3]Notably, Plaintiff has not alleged that Defendant is the holder of the Loan. As such, it is not even apparent that Defendant has the authority to comply with the agreement Plaintiff is asking the Court to imply.

**D.      Violation of Michigan Compiled Laws § 600.3205c (Count IV)**

In Count IV of her Complaint, Plaintiff lists the requirements of § 600.3205c and then merely alleges "[t]hat Defendants [sic] have failed to follow MCL 3205(c) [sic] in that the Defendants [sic] have failed to modify Plaintiff's mortgage." (Compl. ¶ 27.) Plaintiff therefore has not pled sufficient facts to establish a violation of § 600.3205c. In fact, Plaintiff has not alleged facts to suggest that she even was eligible for whatever relief the statute provides (e.g. that she contacted a housing counselor and was eligible for a modification). *See* Mich. Comp. Laws §§ 600.3205c(1), (6), and (7).

Moreover, even if Plaintiff was eligible for a modification, courts in the Eastern District of Michigan uniformly have held that a violation of Section 600.3205c is insufficient to justify setting aside a completed foreclosure sale. *See, e.g., Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (Battani, J.); *Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 WL 1575372, at *3 (E.D. Mich. Apr. 26, 2011) (Cohn, J.); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *8, 10 (E.D. Mich. Feb. 24, 2011) (Cook, J.). This is because the statute does not require the mortgage holder or servicer to modify the mortgage loan. *See* Mich. Comp. Laws § 600.3205c(8). Instead, the statute provides that "[i]f a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." *Id.* "The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure

11

altogether or set aside an already-completed foreclosure." *Stein*, 2011 WL 740537, at *10.

In short, Plaintiff also fails to state a viable claim in Count IV of her Complaint.


## V.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court holds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff also fails to present any argument and/or facts in response to Defendant's motion to dismiss to suggest that she could remedy the deficiencies in her Complaint if such a request were made and granted.  Therefore, the Court hereby GRANTS Defendant's Motion to Dismiss (Docket #7) and DISMISSES Plaintiff's cause of action.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2013

12